# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re: )
)  **JUDGE RICHARD L. SPEER**
Jim/Carol Wahlie )
)  Case No. 07-32473
Debtor(s) )
)
)

## DECISION AND ORDER

On June 15, 2009, a Continued Hearing was held on the Motion of the Creditor, State Resources, To Dismiss the Debtors' Chapter 11 Case. After allowing Parties' counsel to make statements regarding their respective positions, the Court granted the Movant's Motion, dismissing the Debtors' bankruptcy case effective at 1:04 P.M. For this decision, the following, pursuant to Bankruptcy Rules 7052 and 9014, constitutes this Court's findings of fact and conclusions of law.

On November 11, 2008, the Creditor, State Resources, filed a Motion to Dismiss the Debtors' case pursuant to 11 U.S.C. § 1112(b). (Doc. No. 84). Section 1112(b)(1) prescribes that a court is to dismiss or convert a case where "cause" is found to exist, providing:

> Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

The party seeking dismissal or conversion under § 1112 bears the burden of proving, by a preponderance of evidence, that "cause" exists. *In re Woodbrook Associates*, 19 F.3d 312, 317 (7th Cir. 1994). Once this burden is met, dismissal or conversion is mandatory unless it can be shown that, under the conditions set forth in the opening proviso of § 1112(b), grounds exist not to convert

**In re: Jim/Carol Wahlie**
**Case No. 07-32473**

or dismiss the case. *In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 560 (Bankr. M.D.Pa. 2007) (with the enactment of BAPCPA, the statutory language of § 1112(b) has been changed from permissive to mandatory). Determinations concerning the dismissal of a case, which affects both the ability of a debtor to receive a discharge and directly affects the creditor-debtor relationship, are core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(J)/(O), thereby conferring upon this Court jurisdiction to enter final orders and judgments. 28 U.S.C. § 157(b)(1).

Section 1112(b) provides, in paragraph (4), a nonexclusive list of grounds which may constitute "cause" for dismissal or conversion. Among the enumerated grounds giving rise to "cause" in § 1112(b)(4) are a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. § 1112(b)(4)(A). The Movant cited to this ground as its primary basis for seeking the dismissal of the Debtors' bankruptcy case.

The basis for dismissal under § 1112(b)(4)(A) is read in the conjunctive so that the moving party must demonstrate that there is both a (1) continuing loss to or diminution of estate assets and (2) an absence of a reasonable likelihood of rehabilitation. *In re Fall*, — B.R.—, 2008 WL 6154184 (Bankr. N.D.Ohio 2008). The first part, loss and diminution, considers whether the debtor has suffered or continues to experience a negative cash flow, or, alternatively, declining asset values. Also relevant, whether there is any reasonable likelihood that the debtor, or some other party, will be able to stem the debtor's losses and place the debtor's business enterprise back on a solid financial footing within a reasonable amount of time. 7 Collier on Bankruptcy, ¶ 1112.04[5][a]. When evaluated in this matter, the Debtors financial situation does not appear in a good light.

First, the Debtors have, since the commencement of this case, completely utilized all their monthly disposable income to fund their day-to-day living expenses, thus raising the question: How do the Debtors realistically expect to fund a plan of reorganization? A closely related fact, the Debtors have, contrary to an indicium of good faith, consistently sought to allocate, during the two

Page 2

In re: Jim/Carol Wahlie
Case No. 07-32473

years this case has been pending, only the bare minimum of their financial resources toward the payment of their debts. At the same, it was brought to the Court's attention that the Debtors found it acceptable to pay the debts of third-party family members.

The Debtors' failure to place their financial resources on the table during the pendency of this case must also be viewed against the fact that the Debtors have allowed their asset base to diminish. Specifically, as pointed out by the Movant, the Debtors have not satisfactorily explained why they failed to pursue the collection of certain accounts receivable, totaling approximately $750,000.00 in value.

The Debtors' likelihood of rehabilitation also seems remote. This prerequisite for dismissal under § 1112(b)(4)(A) looks to whether the debtor's deteriorating financial situation can be corrected, taking into account whether some other party in interest is capable of performing the necessary remediation. Collier on Bankruptcy, ¶ 1112.04[5][a][ii]. Although not dispositive on this element, a useful indicator regarding a debtor's chance for rehabilitation considers whether the debtor will be in a position to have a Chapter 11 plan of reorganization confirmed. *In re 3 Ram Inc.*, 343 B.R. 113, 117 fn. 14 (Bankr. E.D.Pa. 2006). This does not seem likely.

This case was commenced on June 11, 2007. Two years later, the Debtors, after being afforded the opportunity to file a plan of reorganization, were unable to solicit the necessary votes to have a plan successfully confirmed.[1] Under this circumstance, the following statement made by the Third Circuit seems particularly appropriate:

---

[1] Only the Movant, State Resources, filed a timely ballot, rejecting the Debtors' propose plan of reorganization. (Doc. No. 139). Section 1129(a)(1), setting forth the requirements for plan confirmation, however, provides, that if "a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, . . . ."

Page 3

In re: Jim/Carol Wahlie
Case No. 07-32473

> The Supreme Court has said that "[h]owever honest in its efforts the debtor may be, and however sincere its motives, the District Court is not bound to clog its docket with visionary or impracticable schemes for resuscitation." *Tennessee Publishing Co. v. American Nat'l Bank*, 299 U.S. 18, 22, 57 S.Ct. 85, 87, 81 L.Ed. 13 (1936). "[T]here must be 'a reasonable possibility of a successful reorganization within a reasonable time.'" *United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 376, 108 S.Ct. 626, 632, 98 L.Ed.2d 740 (1988). "Courts usually require the debtor do more than manifest unsubstantiated hopes for a successful reorganization." *In re Canal Place Ltd. Partnership*, 921 F.2d 569, 577 (5th Cir. 1991).

*In re Brown (First Jersey National Bank v. Brown)*, 951 F.2d 564, 572 (3d Cir.1991).

To be sure, the Debtors were seeking to correct the voting deficiency which prevented confirmation of their plan.[2] However, even if this effort proved ultimately successful, there exist other barriers to the Debtors being in a position to have a plan successfully confirmed. Particularly, pursuant to 11 U.S.C. § 1129(a)(3), a plan can only be confirmed if it was "proposed in good faith." Similarly, a lack of good faith forms an independent basis upon which the dismissal of a case under § 1112 may be predicated.

Good faith generally means that the debtor seeks to achieve results consistent with the objectives and purposes of the Bankruptcy Code. *In re PWS Holding Corp.*, 228 F.3d 224, 242 (3rd Cir. 2000). Facets of the Debtors' conduct throughout the course of this case belie this standard. A prime example: the Debtors were not forthcoming in disclosing the financial transactions which took place between themselves and a business entity for which they were the sole shareholders, Wings of Eagles Freight System, Inc. In this regard, the Debtors used this business entity to provide

---

[2] The Debtors had filed a Motion to Deem Late Filed Ballots of Huntington National Bank As Timely And To Temporarily Allow The Ballot of State Resources Corporation For Purposes of Hearing On Confirmation. (Doc. No. 142).

Page 4

In re: Jim/Carol Wahlie
Case No. 07-32473

themselves benefits which were not reflected in their individual Chapter 11 case. As pointed out by the Movant: "As of February 28, 2009, Wings of Eagles Freight System, Inc., of which Debtors' [sic] are the sole shareholders, had spent $2,230.58 on Entertainment and meals; $1,908.65 on office supplies; $18,062.52 on salaries to the Debtors; and $4,395.30 on service charges." (Doc. No. 140, at pg. 3).

Other inconsistencies were also pointed out. For example, it was reported that in 2008, the Debtors deducted $31,860.00 on their personal federal income tax return for mortgage interest payments, yet their home mortgage payments are only $2,000.00 per month according to documents provided to this Court. *Id.* The Debtors also failed to consistently file adequate and complete operating statements, making it difficult for the Court and Creditors to gain a true and accurate picture of the Debtors' financial condition. *See In re Gateway Access Solutions, Inc.*, 374 B.R. at 565 (a debtor-in-possession has a duty of keeping the court and its creditors reasonably informed about the status and condition of its business). Also, this deficiency cannot simply be ascribed to oversight. Again and again, over the two years in which this case was pending, undisclosed financial information would come to the surface, but only upon the Debtors, particularly Mr. Wahlie, being prodded. The concept of good faith under the Bankruptcy Code is simply incompatible with this course of conduct.

In sum, for the reasons set forth herein, the Court finds that the Debtors have not proceeded in good faith, thereby warranting dismissal, and that "cause" exists to dismiss the Debtors' bankruptcy case under 11 U.S.C. § (b)(4)(A). Once "cause" is found to exist, dismissal or conversion is mandatory, unless there exist "unusual circumstances" or the conditions set forth in § 1112(b)(2) are present. Neither situation exists in this matter.

The existence of "unusual circumstances" necessarily contemplates conditions that are not common in Chapter 11 cases. *In re Products Intern. Co.*, 395 B.R. 101, 109 (Bankr. D.Ariz. 2008).

Page 5

In re: Jim/Carol Wahlie
Case No. 07-32473

The fact that a plan has been filed in this case does not, as suggested by the Debtors, rise to the level of an "unusual circumstance," as this event is commonly encountered in a Chapter 11 case. As explained in Collier on Bankruptcy:

> Although section 1112(b) does not define the phrase "unusual circumstances," it clearly contemplates conditions that are not common in most chapter 11 cases. Although each chapter 11 case is to some extent unique, and unusual circumstances may exist in any particular case regardless of its size or complexity, the import of section 1112(b) is that, if cause exists, the case should be converted or dismissed unless unusual facts or circumstances demonstrate that the purposes of chapter 11 would be better served by maintaining the case as a chapter 11 proceeding.

7 Collier on Bankruptcy, ¶ 1112.04[3], p. 1112-26, 1112-27 (15th ed. rev.).

Likewise, the conditions set forth in § 1112(b)(2) are not present. This provision provides:

> (2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that–
>
> > (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
> >
> > (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)–
> >
> > > (i) for which there exists a reasonable justification for the act or omission; and
> > >
> > > (ii) that will be cured within a reasonable period of time fixed by the court.

Page 6

In re: Jim/Carol Wahlie
Case No. 07-32473

As explained, the Debtors face steep hurdles in having a plan confirmed, thereby taking paragraph (A) out of the picture. Also, the Debtors, contrary to the requirements of paragraph (B), did not offer any viable justification or remedial measures for those acts and omissions which gave rise to grounds for dismissal.

Accordingly, for all these reasons, it is hereby

**ORDERED** that, pursuant to this Court's oral order, this case is hereby DISMISSED effective June 15, 2009, at 1:04 P.M.

Dated: June 16, 2009

Richard L. Speer
United States
Bankruptcy Judge

Page 7

# CERTIFICATE OF SERVICE

Copies were mailed this 16th day of June 2009 to:

Brenda K Bowers
52 E Gay St
PO Box 1008
Columbus, OH 43216-1008

GMAC
2740 Arthur Street
Roseville, MN 55113

Erik J Wineland
420 Madison Ave #1250
Toledo, OH 43604

Internal Revenue Service, Attn: Insolvency Group 3
1240 East Ninth Street Room 457
Cleveland, OH 44199

Michelle T Sutter
Office of Attorney General
30 East Broad Street 25th Floor
Columbus, OH 43215

State Resources Corp
Robin Oberg
4848 South 131st Street
Omaha, NE 68137

William P Coley, II
Roetzel & Andress
250 East Fifth Street Suite 310
Cincinnati, OH 45202

Scott D. Fink
Weltman, Weinberg & Reis Co., L.P.A.
323 W. Lakeside Avenue Suite 200
Cleveland, OH 44113

Jody M Oster
The Huntington National Bank
41 S. High St HC0523
Columbus, OH 43215

Carol A. Wahlie
70 Ravines Court
Lima, OH 45805

Steven L Diller
124 E Main St
Van Wert, OH 45891

Jim W. Wahlie
70 Ravines Court
Lima, OH 45805

                                        /s/Jennifer S Huff
                                 Deputy Clerk, U.S. Bankruptcy Court